ELECTRONICALLY FILED - 2020 Jul 29 10:14 AM - ANDERSON - COMMON PLEAS - CASE#2019CP0401559

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF ANDERSON | ) | |
| | ) | CASE NO. 2019-CP-04-01559 |
| John Doe and Jane Doe, personally and as guardians of their minor child, | ) | |
| | ) | **AMENDED SUMMONS** |
| Plaintiffs, | ) | |
| vs. | ) | |
| Deputy Barnes, Anderson County, and the Anderson County Sheriff's Office, | ) | |
| Defendants. | ) | |

YOU ARE HEREBY SUMMONED and required to answer the complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your answer to the said complaint on the subscriber at his office, 1225 South Church, Greenville, South Carolina, 29605, within thirty (30) days after service thereof exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

Respectfully submitted,

Hawkins & Jedziniak, LLC

*s/ Joshua T. Hawkins*
Joshua T. Hawkins, S.C. Bar #78470
Helena L. Jedziniak, S.C. Bar #100825
1225 South Church Street
Greenville, South Carolina 29605
(864) 275-8142 (telephone)
Greenville, South Carolina          (864) 752-0911 (facsimile)
June 30, 2020                       josh@hjllcsc.com
                                    helena@hjllcsc.com

Attorneys for Plaintiff

1

ELECTRONICALLY FILED - 2020 Jul 29 10:14 AM - ANDERSON - COMMON PLEAS - CASE#2019CP0401559

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF ANDERSON | ) | |
| | ) | CASE NO. 2019-CP-04-01559 |
| John Doe and Jane Doe, personally and as guardians of their minor child, | ) | |
| | ) | **AMENDED COMPLAINT** |
| Plaintiffs, | ) | **(Jury Trial Requested)** |
| vs. | ) | |
| Deputy Barnes, Anderson County, and the Anderson County Sheriff's Office, | ) | |
| Defendants. | ) | |

COME NOW, the plaintiffs, alleging and complaining of the defendants as follows:

### PARTIES, JURISDICTION, AND VENUE

1. John Doe and Jane Doe ("the plaintiffs") are citizens and residents of Anderson County, South Carolina.

2. Upon information and belief, Deputy Barnes is a citizen and resident of Anderson County, South Carolina.

3. Anderson County is a political subdivision of South Carolina existing pursuant to the laws of South Carolina.

4. The Anderson County Sheriff's Office is a law enforcement agency in Anderson County existing pursuant to the laws of South Carolina.

5. The events giving rise to this action occurred in Anderson County, South Carolina.

6. This Court has jurisdiction pursuant to *South Carolina Code* 15-78-60.

7. Jurisdiction and venue are proper for the foregoing reasons.

### FACTUAL BACKGROUND

8. The plaintiffs incorporate the foregoing paragraphs as if repeated here, verbatim.

9. On or about March 12, 2019, the minor child was helping his neighbor move items at her property, located at 2529 Broadway Lake Road. The minor child inadvertently picked up a hypodermic needle, which scraped his skin but did not stick him or otherwise break the skin.

10. The property owner, Veronica Hubbard, called law enforcement to notify them of the presence of the needle. The plaintiffs took the minor child to AnMed, where he was examined by medical professionals.

11. Upon information and belief, the March 12 incident was not the first time that Hubbard called law enforcement after finding drugs and/or drug paraphernalia on her property. Upon further information and belief, individuals frequent the property without Hubbard's consent for the purpose of using and/or storing illegal substances.

12. On March 16, 2019, Hubbard found a white powdery substance, which she suspected to be an illegal substance, on her property and again called law enforcement to the scene. Anderson County Deputy M. Barnes responded to the scene.

13. While at the scene, Deputy Barnes tested the substance that Hubbard found with a drug test kit. After he finished testing the substance, Barnes threw both the substance and the used test kit into a burn pile, which was not on fire at the time.

14. After the deputy discarded the test kit, the minor child noticed one of Hubbard's dogs pick the item out of the burn pile. The minor child grabbed the item out of the dog's mouth. As he did so, a chemical substance from the test kit got onto his skin.

15. Immediately upon coming into contact with the chemical substance, the minor child's finger began to itch, burn, and discolor. Approximately five to ten minutes later, it began to blister.

16. On March 18, 2019, the minor was at a school when a teacher noticed the injury to the minor child's hand. The teacher spoke with the minor child, who told her that he was injured after picking up an item discarded by an Anderson County deputy in his neighbor's burn pit.

17. Deputy Banister, while working at the child's school, spoke with the minor child, who confirmed what he had told his teacher. Banister sent the minor child to the nurse's office for treatment. He then contacted Staff Sargent Billingsley and informed him of the minor child's situation.

18. Banister and Billingsley visited the 2529 Broadway Lake Road property and spoke with Hubbard, who confirmed the minor child's version of events.

19. Banister found three drug test kits where the minor child said the deputy discarded them, along with two pairs of gloves. Billingsley contacted Lieutenant Scoggins with the narcotics unit. Scoggins told Billingsley that the test kits could cause burns like the one sustained by the minor child. Scoggins sent narcotics officers Proner and Durham to the scene to collect evidence and to photograph the scene.

20. After school officials informed the plaintiffs that their minor child was injured, the plaintiffs took the minor child to his family doctor, who informed the plaintiffs that the minor child had a chemical burn.

21. Barnes knew or should have known that the drug test kits used by the Anderson County

3

ELECTRONICALLY FILED - 2020 Jul 29 10:14 AM - ANDERSON - COMMON PLEAS - CASE#2019CP0401559

Sheriff's Office are capable of causing chemical burns. Upon further information and belief, Barnes failed to properly dispose of the used test kits even with actual or constructive knowledge of the harm that the kits to do to individuals, including the minor child.

22. All governmental employees involved caused some of the minor child's injuries, and the governmental employees' actions were grossly negligent.
23. The governmental entities related to this action ratified the actions of the individual employees involved.
24. All defendants violated policies and procedures, and those violations contributed to the minor child's injuries.
25. Some or all of the defendants' actions were motivated by unreasonable financial gain.
26. The plaintiffs are therefore informed and believe they are entitled to judgment against the defendants.

## FOR A FIRST CAUSE OF ACTION
**(Common Law Liability for Negligence, Gross Negligence, and Recklessness)**

27. The plaintiff incorporates the foregoing paragraphs as if repeated here, verbatim.
28. Each governmental entity and employee had a duty to exercise that degree of knowledge, skill, and care required of police officers and/or governmental employees and/or public officials and/or municipalities that is ordinarily possessed and exercised by those in their special line of work.
29. Breaches of duties constitute negligence and sometimes recklessness.
30. The defendants breached their duties in a negligent, reckless, and grossly negligent manner in some or all of, but not limited to, the following particulars:
    a. by failing to ensure that officers and others complied with all applicable policies and procedures;
    b. by improperly disposing of drug test kits;
    c. by improperly disposing of unknown and potentially dangerous substances;
    d. by exposing the minor child to dangerous chemicals;
    e. by failing to provide the minor child with immediate and/or appropriate medical care;
    f. by failing to adequately investigate the employees' and defendants' conduct prior to tortious actions described herein;
    g. by authorizing, adopting, and ratifying the officers' conduct toward the plaintiffs and the minor child;
    h. by hiring the officers, employees, and defendants who were incompetent, lacked proper

ELECTRONICALLY FILED - 2020 Jul 29 10:14 AM - ANDERSON - COMMON PLEAS - CASE#2019CP0401559

    education and training, or were otherwise unfit; and

    i. in other such particulars as the evidence may show.

31. As a direct and proximate result of the negligent, grossly negligent, and reckless acts and omissions of the defendants, the plaintiffs sustained injuries and damages, including those set forth above.

32. Governmental entities and employees are liable for injuries caused by their gross negligence and non-governmental entities are liable for injuries caused by their negligence and recklessness.

33. The plaintiffs are therefore informed and believe they are entitled to judgment against the defendants.

## FOR A SECOND CAUSE OF ACTION
### (Negligent Hiring, Supervision, and Retention)

34. The plaintiff incorporates the foregoing paragraphs as if repeated here, verbatim.

35. The defendants each had a duty to adequately supervise competent and fit employees.

36. The defendants each had a duty to hire persons fit for employment, to perform background checks, and to require appropriate education, experience, and other qualifications.

37. The defendants breached their duties to adequately supervise and hire employees in a negligent and grossly negligent/reckless manner in some or all of the following particulars:

    a. in failing to ensure that officers complied with department procedures regarding incidences such as those described herein;

    b. in failing to ensure that officers complied with employment policies and procedures regarding testing and disposal of unknown and potentially dangerous substances;

    c. in failing to warn the plaintiff and others of the defendants' (including their employees') dangerous propensities toward others;

    d. in failing to adequately investigate the conduct of the defendants toward the plaintiffs and the minor child;

    e. in failing to appropriately interview candidates or require that candidates be qualified before hiring them;

    f. in failing to require sufficient education and training before hiring employees;

    g. in failing to properly screen applicants, perform appropriate background checks, check references, and perform sufficient and formal interviews; and,

    h. in other such particulars as the evidence may show.

5

38. As a direct and proximate result of the negligent and grossly negligent/reckless acts and omissions of the defendants, the plaintiffs suffered injuries and damages, including those set forth above.
39. The plaintiffs are therefore informed and believe they are entitled to judgment against the defendants.

**FOR A THIRD CAUSE OF ACTION**
**(Violation of the U.S. Constitution, the S.C. Constitution, & 42 U.S.C. § 1983)**

40. The plaintiff incorporates the foregoing paragraphs as if repeated here, verbatim.
41. Pursuant to the U.S. Constitution and the S.C. Constitution, the plaintiff and minor child at the applicable times had certain rights and liberties, including the following:
    a. a right to be secure and safe in the place where he lived;
    b. a right to be free from unlawful dangers created by officers;
    c. a right to appropriate medical treatment upon being injured;
    d. a right to be free from unreasonable invasions of privacy;
    e. a right to be free from cruel and unusual punishment;
    f. a right to be free from excessive force;
    g. a right to be free from deliberate indifference of the officers who created the dangers described herein; and
    h. other civil rights and liberties.
42. Pursuant to U.S. CONST. amendment XIV, amendments are applicable to the conduct of state and municipal law enforcement personnel and employees.
43. The defendants, acting under color of law, deprived the plaintiffs of constitutional rights and liberties, including rights guaranteed by one or more of the 1st, 4th, 5th, 8th, 14th, and other amendments.
44. The defendants were deliberately indifferent to the plaintiffs' rights and liberties in one or more of the following ways:
    a. knowingly created a danger by placing biohazards in an area where officers knew children lived and played;
    b. maliciously causing the involved child's injury, whom the defendants knew or should have known would be injured by biohazards;
    c. ignoring physical and unmistakable signs that they were creating a danger likely to harm children;
    d. ignoring clear and present signs of children and children's activities;

ELECTRONICALLY FILED - 2020 Jul 29 10:14 AM - ANDERSON - COMMON PLEAS - CASE#2019CP0401559

    e. denying appropriate medical attention; and

    f. in other ways as may be shown through discovery and at trial.

45. The defendants acted in ways that violate civil liberties of the minor child, including the amendments described herein and the Equal Protection clause. One or more officers were indifferent to the safety of the minor child because of his lower socioeconomic status, and the officers were reckless in the disposal of biohazards in the area, treating the child differently than similarly situated children in more affluent areas.

46. Upon information and belief, the officers knew they were violating the child's clearly established constitutional rights and were deliberately indifferent to those rights when they acted in the ways described herein.

47. Each instance where the plaintiffs were injured through gross negligence and/or deliberate indifference constitutes a separate occurrence of gross negligence and deliberate indifference. Such occurrences include reckless disregard for the child's safety, disposal of biohazards on the property where the child lived and played, and such other occurrences as will be shown through discovery and at trial.

48. The defendants' acts constituted violations of the plaintiffs' constitutional and civil rights. The County and the Sheriff's Office tolerated and participated in the unconstitutional policy of allowing Deputy Barnes and others to act in the ways described herein, and the County and the Sheriff's Office are liable under Section 1983 pursuant to *Monell v. Department of Social Services of the City of New York*. The tolerance and condoning of the unconstitutional policies described herein is underscored by the defendant's refusal to take appropriate disciplinary action after Barnes violated the minor child's civil rights.

49. As a direct and proximate result of defendants' conduct, deliberate indifference, and unconstitutional policies, the plaintiffs were deprived of their rights, privileges, and immunities secured by the U.S. Constitution and the S.C. Constitution.

50. No reasonable law enforcement officer, government employee or non-individual defendant could have believed that the defendants' actions comported with the U.S. Constitution and/or the S.C. Constitution, in light of the clearly established legal rules for police conduct.

51. The plaintiffs are therefore informed and believe they are entitled to judgment against the defendants and reasonable attorney's fees, pursuant to 42 U.S.C. §§ 1983 and 1988.

ELECTRONICALLY FILED - 2020 Jul 29 10:14 AM - ANDERSON - COMMON PLEAS - CASE#2019CP0401559

WHEREFORE, the plaintiffs request a jury trial and judgment against the defendants for actual damages, all statutory damages, costs, and such other relief the Court deems just and equitable.

Respectfully submitted,

Hawkins & Jedziniak, LLC

*s/ Joshua T. Hawkins*
Joshua T. Hawkins, S.C. Bar #78470
Helena L. Jedziniak, S.C. Bar #100825
1225 South Church Street
Greenville, South Carolina 29605
(864) 275-8142 (telephone)
(864) 752-0911 (facsimile)
josh@hjllcsc.com
helena@hjllcsc.com

Greenville, South Carolina
June 30, 2020

Attorneys for Plaintiff

Pursuant to Rule 38, *SCRCP*, the plaintiff demands a trial by jury on all issues triable to a jury.

*s/ Joshua T. Hawkins*
Joshua T. Hawkins

ELECTRONICALLY FILED - 2020 Jul 29 10:14 AM - ANDERSON - COMMON PLEAS - CASE#2019CP0401559