IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT COURT OF SOUTH CAROLINA

| | |
|---|---|
| **John Doe and Jane Doe, personally and as guardians of their minor child,** ) | C/A No.: 8:20-cv-02770-HMH |
| ) | |
| **Plaintiffs,** ) | |
| ) | **ANSWER TO AMENDED COMPLAINT** |
| vs. ) | (Jury Trial Demanded) |
| ) | |
| **Deputy Barnes, Anderson County, and the Anderson County Sheriff's Office,** ) | |
| ) | |
| **Defendants.** ) | |

TO:  JOSHUA T. HAWKINS, ESQUIRE AND HELENA L. JEDZINIAK, ESQUIRE, AS ATTORNEYS FOR THE PLAINTIFF:

Defendants, answering the Amended Complaint of the Plaintiff, allege:

## FOR A FIRST DEFENSE

1. All allegations contained in the Plaintiffs' Amended Complaint not hereinafter specifically admitted or explained are denied.

2. Defendants do not have sufficient information at this time to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Amended Complaint.

3. Defendants admit the allegations contained in Paragraph 2 of Plaintiffs' Amended Complaint.

4. In response to Paragraphs 3 and 4 of Plaintiffs' Amended Complaint, Defendants admit that Anderson County is a governmental entity as defined in the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10, *et. seq*. Defendants further admit that Defendant Anderson County Sheriff's Office is a law enforcement agency existing in Anderson County pursuant to South Carolina law. Any remaining allegations contained in Paragraphs 3 and 4 of Plaintiffs' Amended Complaint are denied.

5. In response to Paragraphs 5, 6, and 7 of Plaintiffs' Amended Complaint, Defendants admit that the events referenced in Plaintiffs' Amended Complaint occurred in Anderson County. Defendants

1

would further admit that the Anderson County Court of Common Pleas has jurisdiction of the action and that venue would be appropriate in Anderson County. and that this Court has jurisdiction over this matter. Any remaining allegations contained in Paragraphs 5, 6, and 7 of Plaintiffs' Amended Complaint are denied.

6. In response to Paragraph 8 of the Plaintiffs' Amended Complaint, Defendants incorporate by reference each and every Paragraph of this Answer as though set forth in full herein to the extent not inconsistent herewith.

7. Defendants do not have sufficient information at this time to admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Amended Complaint and the allegations are denied at this time.

8. In response to Paragraph 10 of Plaintiffs' Amended Complaint, Defendants admit Veronica Hubbard called law enforcement on or about March 12, 2019 stating she had found a needle and other items on her property. Defendants do not have sufficient information at this time to admit or deny the remaining allegations contained in Paragraph 10 of Plaintiffs' Amended Complaint and the allegations are denied at this time.

9. Defendants do not have sufficient information at this time to admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint and the allegations are denied at this time.

10. In response to Paragraph 12 of Plaintiffs' Amended Complaint, Defendants admit that Deputy Barnes responded to a call from Veronica Hubbard where she reported that she had found a white powdery substance on her property. Any remaining allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint are denied.

11. In response to Paragraph 13 of Plaintiffs' Amended Complaint, Defendants admit that Deputy

Barnes tested the white powder using drug test kits and it tested negative for containing heroin, cocaine, or methamphetamine. Defendants further admit that Deputy Barnes threw the powder material and used drug test kits into a burn pit which was not actively burning based on Ms. Hubbard's recommendation and statement that she was about to light a fire in the burn pit. Any remaining allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint are denied.

12. Defendants do not have sufficient information at this time to admit or deny the allegations contained in Paragraphs 14 and 15 of Plaintiffs' Amended Complaint and the allegations are denied at this time.

13. In response to Paragraph 16 of Plaintiffs' Amended Complaint, Defendants admit that Deputy Banister was contacted by a teacher at Wright Elementary School about an injury to the minor Plaintiff's hand. Defendants do not have sufficient information at this time to admit or deny the remaining allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint. Any remaining allegations contained in Paragraph 16 of Plaintiffs' Amended Complaint are denied.

14. In response to Paragraph 17 of Plaintiffs' Amended Complaint, Defendants admit that Deputy Banister spoke with the minor Plaintiff on March 17, 2019 about how the incident occurred. Deputy Banister instructed the minor Plaintiff to see the school nurse and contacted Sgt. Billingsley about the incident. Any remaining allegations contained in Paragraph 17 of Plaintiffs' Amended Complaint are denied.

15. In response to Paragraph 18 of Plaintiffs' Amended Complaint, Defendants admit that Deputy Banister and Sgt. Billingsley went to 2529 Broadway Lake Road and spoke with Veronica Hubbard who informed the officers of her knowledge concerning the incident. Any remaining allegations contained in Paragraph 18 of Plaintiffs' Amended Complaint are denied.

16. In response to Paragraph 19 of Plaintiffs' Amended Complaint, Defendants admit that Officers

found three drug tests and two pairs of gloves in the burn pile and contacted Lt. Scoggins who is with the Narcotics Unit who stated that the test kits could cause burns to the skin. Lt. Scoggins instructed Investigators Proner and Durham to proceed to the scene to photograph and collect evidence. Any remaining allegations contained in Paragraph 19 of Plaintiffs' Amended Complaint are denied.

17. Defendants do not have sufficient information at this time to admit the allegations contained in Paragraph 20 of Plaintiffs' Amended Complaint and the allegations are denied at this time.

18. Defendants deny the allegations contained in Paragraphs 21, 22, 23, 24, 25, and 26 of Plaintiffs' Amended Complaint.

19. In response to Paragraph 27 of the Plaintiffs' Amended Complaint, Defendants incorporate by reference each and every Paragraph of this Answer as though set forth in full herein to the extent not inconsistent herewith.

20. In response to Paragraph 28 of the Plaintiffs' Amended Complaint, Defendants admit that they have such duties and responsibilities as imposed by law. Defendants deny that they acted improperly and deny the remaining allegations contained in Paragraph 28 of Plaintiffs' Amended Complaint are denied.

21. Defendants would state that the allegations contained in Paragraph 29 of the Plaintiffs' Amended Complaint do not make specific allegations against Defendants so that no response would be required. To the extent a response would be deemed required, Defendants deny that they acted improperly or breached any duty and deny the remaining allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint.

22. Defendants deny the allegations contained in Paragraphs 30 and 31 of Plaintiffs' Amended Complaint.

23. Defendants would state that the allegations contained in Paragraph 32 of the Plaintiffs' Amended Complaint do not make specific allegations against Defendants so that no response would be required. To the extent a response would be deemed required, Defendants deny that they acted improperly or in a negligent manner and deny the remaining allegations contained in Paragraph 32 of Plaintiffs' Amended Complaint.

24. Defendants deny the allegations contained in Paragraph 33 of Plaintiffs' Amended Complaint.

25. In response to Paragraph 34 of the Plaintiffs' Amended Complaint, Defendants incorporate by reference each and every Paragraph of this Answer as though set forth in full herein to the extent not inconsistent herewith.

26. In response to Paragraphs 35 and 36 of the Plaintiffs' Amended Complaint, Defendants admit that they have such duties and responsibilities as imposed by law. Defendants deny that they acted improperly or in a negligent manner and deny the remaining allegations contained in Paragraphs 35 and 36 of Plaintiffs' Amended Complaint.

27. Defendants deny the allegations contained in Paragraphs 37, 38, and 39 of Plaintiffs' Amended Complaint.

28. In response to Paragraph 40 of the Plaintiffs' Amended Complaint, Defendants incorporate by reference each and every Paragraph of this Answer as though set forth in full herein to the extent not inconsistent herewith.

29. In response to Paragraph 41 of the Plaintiffs' Amended Complaint, Defendants would admit that Plaintiff and minor Plaintiff had any rights and liberties provided by the United States or South Carolina Constitutions. Defendants deny that they have violated any rights of the Plaintiff or minor Plaintiff. Any remaining allegations contained in Paragraph 41 of Plaintiffs' Amended Complaint are denied.

30. In response to Paragraph 42 of the Plaintiffs' Amended Complaint, Defendants would crave reference to the United States Constitution and subsequent case law concerning the applicability of the 14th Amendment. Defendants deny that they have violated any rights of the Plaintiff or minor Plaintiff. Any remaining allegations contained in Paragraph 42 of Plaintiffs' Amended Complaint are denied.

31. Defendants deny the allegations contained in Paragraphs 43, 44, 45, 46, 47, 48, 49, 50, and 51 of Plaintiffs' Amended Complaint.

32. Defendants deny that the Plaintiffs are entitled to the relief requested in the Amended Complaint or to any relief in this matter from the Defendants.

## FOR A SECOND DEFENSE

33. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

34. Defendants plead the provisions of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.*, including all of the immunities, limitations, and defenses granted or preserved by the Act, including limitations of any recovery and restrictions against recovering punitive damages and attorney's fees.

## FOR A THIRD DEFENSE

35. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

36. Defendants affirmatively plead and assert any and all applicable provisions of the South Carolina Tort Claims Act set forth in §15-78-60 of the Code of Laws of South Carolina. Further, Defendants herein plead and assert as a complete, absolute, and affirmative defense to the Plaintiffs' claims any and all conditions of recovery, statute of limitations, limitations of liability,

and above listed exceptions from liability and/or immunities as are set forth in the South Carolina Tort Claims Act.

37. Defendants plead the South Carolina Tort Claims Act as a complete and absolute bar to any recovery by the Plaintiff from Defendants.

## FOR A FOURTH DEFENSE

38. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

39. Any claim for punitive or exemplary damages against Defendants is barred by the South Carolina Tort Claims Act, in particular §15-78-120 of the Code of Laws of South Carolina.

## FOR A FIFTH DEFENSE

40. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

41. Defendants affirmatively plead and assert the provisions of §15-78-120 of the Code of Laws of South Carolina as a defense to the Plaintiffs' claim, and further, Defendants herein plead and assert the limitation of liability as set forth in §15-78-120 of the Code of Laws of South Carolina as a limitation on the amount and/or type of damages recoverable in this action.

## FOR A SIXTH DEFENSE

42. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

43. Any injury or damage sustained by the Plaintiff as a result of the matters alleged in the Amended Complaint was a proximate result of one or more independent and intervening causes, which Defendants affirmatively plead as a complete bar to this action.

## FOR A SEVENTH DEFENSE

44. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

45. Any injury or damage sustained by the Plaintiffs as a result of the matters alleged in the Amended Complaint was caused by events over which Defendants had no control or right of control, thereby relieving Defendants from any liability or responsibility.

## FOR AN EIGHTH DEFENSE

46. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

47. Defendants, at all times relevant hereto and during the performance or non-performance of the acts alleged in the Amended Complaint, did not perform any acts or fail to perform any acts in bad faith, in a malicious manner, or with corrupt motives and the Defendants are, therefore, immune from suit.

## FOR A NINTH DEFENSE

48. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

49. Defendants allege that if any injuries and damages were sustained by the Plaintiffs, said injuries and damages were caused by the greater negligence and/or willfulness of the Plaintiffs or minor Plaintiff, which exceeds the negligence and/or willfulness, if any, on the part of the Defendants, without which greater negligence and/or willfulness on the part of the Plaintiffs, said alleged injury or damage would not have occurred or been sustained and for that reason, the Plaintiffs are totally barred from recovery.

## FOR A TENTH DEFENSE

50. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

51. That even assuming Defendants were negligent, grossly negligent, careless, willful, wanton and reckless in any respect and that such conduct operated as a proximate cause of the accident and the Plaintiffs' resulting injuries and damages, if any, all of which is expressly denied and admitted solely for the purpose for this defense, Defendants allege that the Plaintiffs' and/or minor Plaintiff's negligent, grossly negligent, reckless, willful, and wanton conduct in the particulars set forth herein and above contributed to more than 50% to cause the incident and the Plaintiffs' resulting injuries and damages, if any. As such, the Plaintiffs' cause of action is barred.

## FOR AN ELEVENTH DEFENSE

52. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

53. Defendants allege that even if they were careless, negligent, grossly negligent, willful, wanton, or reckless, in any respect, which is expressly denied and admitted solely for the purpose of this defense, and even if such conduct on its part operated as a greater than 50% cause of the accident and the Plaintiffs' resulting injuries and damages, if any, which is also expressly denied and admitted solely for the purpose of this defense and no other, Defendants are entitled to a determination as to the percentage which Plaintiffs' negligent, grossly negligent, reckless, willful and wanton conduct contributed to this accident and to a reduction of any amount awarded to it by an amount equal to the percentage of Plaintiffs' negligent, grossly negligent, reckless, willful and wanton conduct.

## FOR A TWELFTH DEFENSE

54. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

55. Plaintiffs have not suffered any damages caused by the actions of Defendant.

## FOR A THIRTEENTH DEFENSE

56. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

57. Any injury or damage sustained by the Plaintiffs as a result of the matters alleged in the Amended Complaint were a proximate result of the acts of a third-party which the Defendants affirmatively plead as a complete bar to this action.

## FOR A FOURTEENTH DEFENSE

58. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

59. Defendants Anderson County Sheriff's Department and Barnes are not proper parties to this action pursuant to the South Carolina Tort Claims Act.

## FOR A FIFTEENTH DEFENSE

60. Defendants incorporate the previous allegations of the Answer to the extent not inconsistent herewith.

61. The Defendants are not "persons" within the meaning of that term as used in 42 U.S.C. §1983 and, therefore, are not subject to suit.

## FOR A SIXTEENTH DEFENSE

62. Defendants incorporate the previous allegations of their Answer to the extent not inconsistent herewith.

63. At all times relevant to this action, Defendants acted in good faith and within the course and scope of their official duties and within the course and scope of their employment. Therefore, they are immune from suit.

### FOR A SEVENTEENTH DEFENSE

64. Defendants incorporate the previous allegations of their Answer to the extent not inconsistent herewith.

65. Defendants deny that they committed any act and/or omission which would give rise to a claim against them for violation of any federally protected Constitutional right and/or any claim pursuant to state law.

### FOR AN EIGHTEENTH DEFENSE

66. Defendants incorporate the previous allegations of their Answer to the extent not inconsistent herewith.

67. The Defendants deny the matters asserted by the Plaintiff in his Complaint fall within the scope of 42 U.S.C. §1983. The Defendants deny any constitutional rights of the Plaintiff have been violated.

### FOR A NINTEENTH DEFENSE

68. Defendants incorporate the previous allegations of their Answer to the extent not inconsistent herewith.

69. The Defendants would show that at all times alleged in the Complaint, they acted reasonably and in good faith and did not violate any clearly established right of the Plaintiff and, therefore, are entitled to qualified immunity from suit.

### FOR A TWENTIETH DEFENSE

70. Defendants incorporate the previous allegations of their Answer to the extent not inconsistent herewith.

71. The Plaintiff's Complaint should be dismissed because the Plaintiff has failed to exhaust all administrative or state law remedies prior to filing this action.

## FOR A TWENTY- FIRST DEFENSE

72. Defendants incorporate the previous allegations of their Answer to the extent not inconsistent herewith.

73. That Defendants, at all times alleged in the Plaintiff's Complaint, acted in good faith and without ill will and/or malice toward the Plaintiff. Defendants plead and assert good faith immunity as a complete and absolute bar to any recovery by the Plaintiff from Defendants.

## FOR A TWENTY- SECOND DEFENSE

74. Defendants incorporate the previous allegations of their Answer to the extent not inconsistent herewith.

75. The Defendants' actions were objectively reasonable in light of existing law and, therefore, they are entitled to immunity.

WHEREFORE, having fully answered the Amended Complaint, Defendants pray that same be dismissed.

McDONALD PATRICK POSTON HEMPHILL & ROPER, LLC

By: *s/Steven M. Pruitt*
Steven M. Pruitt, Fed. Id. 6083
4l4 Main Street, PO Box 1547
Greenwood, SC  29648
864-229-2511 (Ph)  /  864-229-5327 (Fx)
spruitt@mcdonaldpatrick.com
ATTORNEYS FOR DEFENDANTS

July 29, 2020
Greenwood, South Carolina

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT COURT OF SOUTH CAROLINA

| | |
|---|---|
| **John Doe and Jane Doe, personally and as guardians of their minor child,** | C/A No.: 8:20-cv-02770-HMH |
| Plaintiffs, | |
| vs. | **CERTIFICATE OF SERVICE** |
| **Deputy Barnes, Anderson County, and the Anderson County Sheriff's Office,** | |
| Defendants. | |

The undersigned hereby certifies that the foregoing **DEFENDANTS' ACCEPTANCE OF SERVICE, NOTICE OF REMOVAL, LOCAL RULE 26.01 ANSWERS AND ANSWER TO AMENDED COMPLAINT,** have been served on the Plaintiff via electronic mail and/or United States Mail with sufficient first-class postage thereon prepaid and addressed as follows:

**Joshua T. Hawkins, Esquire**
**Helena L. Jedziniak, Esquire**
**1225 South Church Street**
**Greenville, SC 29605**
**josh@hjllcsc.com**
**helena@hjllcsc.com**

McDONALD PATRICK POSTON HEMPHILL & ROPER, LLC

By: s/*Steven M. Pruitt*
Steven M. Pruitt, Fed. ID #6083
4l4 Main Street, PO Box 1547
Greenwood, SC 29648
(864) 229-2511/ spruitt@mcdonaldpatrick.com
ATTORNEYS FOR DEFENDANTS

July 29 2020
Greenwood, South Carolina